**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS ROGOWSKI,**

       Petitioner,       9:06-CV-0739
                  (NAM)(GJD)

   v.

**JAMES L. PLESCIA, Supt., Washington**
**Correctional Facility,**

       Respondent.
_____

APPEARANCES:

THOMAS ROGOWSKI
Petitioner, *pro se*
94-A-5845
Washington Correctional Facility
P.O. Box 180
Comstock, New York 12821-0180

**Hon. Norman A. Mordue, Chief U.S. District Court Judge**

### DECISION and ORDER

By prior Order of this Court, petitioner Thomas Rogowski was afforded thirty days within which to file an amended petition indicating that his petition for a writ of habeas corpus is not time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  Dkt. No. 5.[2]

Petitioner's amended petition is before this Court for consideration.  Dkt. No. 6.

As noted in the Court's prior Order, petitioner's conviction became "final" for purposes of the AEDPA no later than January 1, 1997.  Accordingly, the statute of limitations for filing a habeas corpus petition pursuant to 28 U.S.C. § 2254 expired one year later on January 1, 1998, except to the extent that it was tolled by properly filed post-conviction state court proceedings.  In this case, where the

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[2] This action is the third habeas corpus proceeding filed by petitioner in the Northern District to challenge his 1994 convictions.  *See* Dkt. No. 5 at 2.

petition revealed that the only state court action commenced by petitioner to challenge his conviction was a CPL 440.20 motion which was denied by the state court in January, 2003, it appeared that the petition was time-barred.[3]  In light of petitioner's *pro se* status, however, he was afforded the opportunity to establish that the petition was timely filed.

In his amended petition, petitioner does not provide any additional information regarding the state court CPL 440.20 motion to demonstrate that this petition was timely filed.  While the amended petition states that petitioner also filed a separate CPL 440.20 motion challenging an aspect of his sentencing, petitioner does not provide any information regarding the date on which that proceeding was commenced or when it was concluded.  Moreover, the Court notes that petitioner does not contend that the doctrine of equitable tolling, applicable only in the "rare and exceptional circumstance," *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citation omitted), is applicable here.

Upon review, the Court finds that the amended petition does not establish that this section 2254 petition, filed more than seven years after the limitations period expired in January, 1998, is timely filed under the AEDPA.  Accordingly, this action is dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is dismissed as time-barred for the reasons set forth herein and in the Court's prior Decision and Order in this action (Dkt. No. 5), and it is further

ORDERED, that the Clerk serve a copy of this Order on the petitioner.

IT IS SO ORDERED.

Dated: October 5, 2006
       Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

---

[3]  Petitioner did not indicate the date on which that CPL 440.20 motion was filed.  However, the Court noted that in order for this petition to be timely, that state court action would have had to have been filed in approximately October, 1997.  Dkt. No. 5 at 3-4.