UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THOMAS M. ROGOWSKI,

                Petitioner,         9:06-CV-0739

vs.                                 (NAM)(GJD)

JAMES PLESCIA, Superintendent,

                Respondent.
_____

APPEARANCES:

Thomas Rogowski
94-A-5845
Washington Correctional Facility
P.O. Box 180
Comstock, NY 12821
Petitioner, *Pro Se*

**Hon. Norman A. Mordue, Chief U.S. District Judge**

## ORDER

      By prior Decision and Order of this Court, the petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed by petitioner Thomas Rogowski was denied as time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  Dkt. No. 7.  Following the denial of petitioner's motion for reconsideration of that Decision and Order (Dkt. No. 10), petitioner appealed the dismissal of his petition to the United States Court of Appeals for the Second Circuit.  Dkt. No. 11.

      Presently before the Court is petitioner's request for a certificate of appealability ("COA").  Dkt. No. 11.[2]

---

    [1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

    [2] Although styled as a request for a certificate of probable cause ("CPC"), the Court hereby construes petitioner's request as one seeking the issuance of a COA.  As of April 24, 1996, the

Appeals to the Court of Appeals in habeas corpus proceedings are governed by 28 U.S.C. § 2253, which provides in relevant part that:

> (c) (1)  Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> (B) the final order in a proceeding under section 2255.[3]

A COA may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

After reviewing the file, and for the reasons set forth in the Court's prior Decisions in this action, the Court finds that petitioner has failed to make the showing required for issuance of a COA.

WHEREFORE, it is hereby

ORDERED that petitioner's application for a certificate of appealability (Dkt. No. 11) is denied, and it is further

ORDERED that the Clerk serve a copy of this Order on petitioner.

IT IS SO ORDERED.

Date:  December 21, 2007

_____
Norman A. Mordue
Chief United States District Court Judge

---

effective date of the AEDPA, a state prisoner appealing a denial of a habeas corpus petition pursuant to 28 U.S.C. § 2254 is required to obtain a COA instead of a CPC.  This standard for issuance of a COA is substantively similar to the standard applicable to the former requirement of a CPC.  *Reyes v. Keane*, 90 F.3d 676, 680 (2nd Cir. 1996).

[3]  Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed.R.App.P. 22(b).